# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-323V
### (Not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| ANNMARIE AUER, | * |
| | * |
| Petitioner, | * Filed: April 12, 2016 |
| | * |
| v. | * Decision by Proffer; Damages; |
| | * Tetanus Diphtheria Acellular |
| | * Pertussis ("Tdap") Vaccine; Brachial |
| SECRETARY OF HEALTH AND | * Plexopathy; Table Injury |
| HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

Ronald Craig Homer, Boston, MA, for Petitioner.

Camille Michelle Collett, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On March 30, 2015, Petitioner Annmarie Auer filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] On December 9, 2015, Respondent filed a Rule 4(c) report conceding that Petitioner suffered a Table Injury of brachial plexopathy due to her receipt of a tetanus-diphtheria-acellular pertussis vaccine. On December 14, 2016, I entered a decision finding that Petitioner had established that she was entitled to compensation for her injury.

---

[1] Because this decision contains a reasoned explanation for my action in this case, I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the posted decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. (*Id.*)

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C.A. § 300aa-10 to § 300aa-34 (2012).

On April 11, 2016, Respondent filed a proffer proposing an award of compensation to Petitioner.

I have reviewed the file, and based upon that review I conclude that Respondent's proffer is reasonable. I therefore adopt it as the decision of the Court in awarding damages on the terms set forth therein.

The proffer proposes that I award Petitioner the following specific amount:

> **A lump sum of $95,000.00**, representing all elements of compensation under 42 U.S.C. § 300aa-15(a) to which Petitioner is entitled in the form of a check payable to petitioner, Annmarie Auer;

Proffer § 2.

I approve a Vaccine Program award in the amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment may be expedited by the parties' joint filing of notice renouncing the right to seek review.